UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

--------------------------------------------------------------------

**ZUFFA, LLC, d/b/a THE ULTIMATE
FIGHTING CHAMPIONSHIP (UFC),**

                             Plaintiff,                              **COMPLAINT**

       -against-                                    Civil Action No.

JEMWORKS, LLC, d/b/a DAIQUIRI DELIGHTS,

                             Defendants.

--------------------------------------------------------------------

Plaintiff, **ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC)**

(hereinafter "Plaintiff"), by their attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the

defendants herein respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq.

and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2.  This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331,

which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3.   Upon information and belief, venue is proper in this court because, inter alia, all defendants reside within the State of Louisiana (28 U.S.C. § 1391(b) and 28 U.S.C. § 98 (a)).

4. This Court has personal jurisdiction over the parties in this action.  Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of Louisiana and certain activities of Defendants giving rise to this action took place in the State of Louisiana; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the Eastern District of Louisiana.  Moreover, upon information and belief, Defendants have their principal place of business within the State of Louisiana; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5.   The plaintiff is a Nevada Limited Liability Company with its principal place of business located at  2960 West Sahara Avenue, Las Vegas, Nevada 89102.

6.   Upon information and belief the defendant, JEMWORKS, LLC, d/b/a DAIQUIRI DELIGHTS, is a Limited Liability Company, licensed to do business in the State of Louisiana.

7.   Upon information and belief the defendant, JEMWORKS, LLC, d/b/a DAIQUIRI DELIGHTS, had officers, directors, shareholders and/or principals who had supervisory capacity and control over the activities occurring within the establishment on August 6, 2011.

8.   Upon information and belief the defendant, JEMWORKS, LLC, d/b/a DAIQUIRI

DELIGHTS, received a financial benefit from the operations on August 6, 2011.

9.   Upon information and belief, defendant, JEMWORKS, LLC, d/b/a DAIQUIRI DELIGHTS, had officers, directors, shareholders and/or principals with close control over the internal operating procedures and employment practices on August 6, 2011.

10.  Upon information and belief, defendant, JEMWORKS, LLC, d/b/a DAIQUIRI DELIGHTS, is a business entity, the exact nature of which is unknown, having its principal place of business at 63525 Hwy 1090, Unit 102, Pearl River, LA 70452.

11.  Upon information and belief, DAIQUIRI DELIGHTS, located at 63525 Hwy 1090, Unit 102, Pearl River, LA 70452, had a capacity of approximately 50 patrons on August 6, 2011.

12.  Upon information and belief, Defendant, JEMWORKS, LLC, advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as DAIQUIRI DELIGHTS.

## COUNT I

13.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "12," inclusive, as though set forth herein at length.

14.  Plaintiff is the owner of the **UFC #133** broadcast, including all undercard matches and the entire television broadcast, scheduled for **August 6, 2011,** via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").  The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

15.  Plaintiff, or their authorized agent for commercial distribution, for a licensing fee,

entered into licensing agreements with various entities in the State of Louisiana, allowing them to publicly exhibit the Broadcast to their patrons.

16.    Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the defendant and/or its agents, servants, workmen or employees without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, without unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

17.    Upon information and belief, Defendant and/or its agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.   In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.  Each of these methods would allow Defendant to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to

determine the manner in which Defendant obtained the Broadcast.  However, it is logical to conclude that Defendant utilized one of the above described methods or another to intercept and exhibit the broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

18.   47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

19.   By reason of the aforementioned conduct, the aforementioned defendant willfully violated  47 U.S.C. §605 (a).

20.   By reason of the aforementioned defendant's violation of 47 U.S.C. §605 (a), plaintiff has a private right of action pursuant to 47 U.S.C. §605.

21.   As a result of the aforementioned defendant's willful violation of 47 U.S.C. §605 (a), plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each defendant.

22.   Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

23.   Plaintiff hereby incorporates paragraphs "1" through "12" and "14" through "21," inclusive, as though fully set forth herein.

24.   Upon information and belief, with full knowledge that the  Broadcast was not to be received and exhibited by entities unauthorized to do so, the defendant and/or its agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned addresses at the time of its

transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

25. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

26. Upon information and belief, the defendant willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

27. By reason of the aforementioned conduct, the aforementioned defendant willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

28. As a result of the aforementioned defendant's violation of 47 U.S.C. §553, plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

29. Plaintiff hereby incorporates paragraphs "1" through "12" and "14" through "21" and "24," inclusive, as though fully set forth herein.

30. Plaintiff is the owner of the copyright to the **UFC #133** Broadcast, including all undercard matches and the entire television broadcast, scheduled for **August 6, 2011**, via closed circuit television and via encrypted satellite signal. See U.S. Copyright Numbers PA 1-756-434 and PA 1-756-436. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

31. As a copyright holder of the rights of the **UFC #133** Broadcast, Plaintiff has rights to

the Broadcast including the right to distribute same.

32. Defendant never obtained the proper authority or license from Plaintiff, or its authorized agent for commercial distribution, to publicly exhibit the **UFC #133** Broadcast on **August 6, 2011.**

33. Upon information and belief, with full knowledge that the **UFC #133** Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendant and/or its agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on **August 6, 2011.**

34. Specifically, upon information and belief, the Defendant and/or its agents, servants, workmen and employees unlawfully obtained the **UFC #133** Broadcast, enabling Defendant to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

35. By reason of the aforementioned conduct, the Defendant willfully violated 17 U.S.C. §501(a).

36. By reason of the aforementioned defendant's violation of 17 U.S.C. §501(a), plaintiff has a private right of action pursuant to 17 U.S.C. §501(b).

37. As a result of Defendant's willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and §504(c)(2), of up to the maximum amount of $150,000.00.

38. Plaintiff is further entitled to its attorney fees and costs pursuant to 17 U.S.C. §505.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against the aforementioned defendant granting to plaintiff the following:

(a) Declare that defendant's unauthorized exhibition of the **August 6, 2011, UFC #133 Broadcast,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain**.**

(b)   On the first cause of action, statutory penalties  in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a); or

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553.

(d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e).

(e) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each defendant pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a).

(f) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii) and/or §553 (c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Dated: April 23, 2012
        Ellenville, New York

**ZUFFA, LLC,  d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC)**

By:   /s/Julie Cohen Lonstein
      JULIE COHEN LONSTEIN
      Attorney for Plaintiff
      LONSTEIN LAW OFFICE, P.C.
      Office and P.O. Address
      80 North Main Street, P.O. Box 351
      Ellenville, NY  12428
      Telephone:  (845) 647-8500
      Facsimile:  (845) 647-6277
      Email: Legal@signallaw.com
      *Our File No.  11-18LA-E01V*

/s/M. Sean Reid
M. Sean Reid, Esq.
Resident Counsel
LA. Bar No. 27622
Law Office of M. Sean Reid, LLC
700 St. John Street, Suite 401
Lafayette, LA 70501
Telephone: (337)233-2417
Facsimile: (337)233-8417
Email: sean@msreidlaw.com